IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARDELL VAN MATHIS,

        Plaintiff,                  No. CIV S-09-2558 GGH P

   vs.

RICHARD RUSSELL, et al.,

        Defendants.       ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

24  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

25  that allows the court to draw the reasonable inference that the defendant is liable for the

26  misconduct alleged."  Id.

1   In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4   and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5   1843 (1969).

6   Plaintiff alleges that defendants Russell and Baca improperly processed his

7   administrative appeals.  "[I]nmates lack a separate constitutional entitlement to a specific prison

8   grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir.2003) (citing <u>Mann v.</u>

9   <u>Adams</u>, 855 F.2d 639, 640 (9th Cir.1988)).  For this reason, plaintiff's claims against defendants

10  Russell and Baca are legally frivolous.

11  Plaintiff alleges that defendant Nurse Jackson crushed his meds to the point they

12  could not be identified.  For that reason, plaintiff refused to take them.  Plaintiff alleges that even

13  though he refused to take his meds, defendant Jackson wrote on his medication log that he

14  received his medication on four different days.  Plaintiff also claims that on one occasion

15  defendant Jackson wrote in his records that she gave him his prescribed nasal spray when she did

16  not.

17  In order to state a § 1983 claim for violation of the Eighth Amendment based on

18  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

19  deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct.

20  285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

21  serious, and that defendants possessed a sufficiently culpable state of mind.  <u>Wilson v. Seiter</u>,

22  501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853 (9th Cir.

23  1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

24  <u>Hudson v. McMillian</u>, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

25  A serious medical need exists if the failure to treat a prisoner's condition could

26  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

3

that a prisoner has a serious need for medical treatment are the following:  the existence of an

injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily

activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

(9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

        In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

defined a very strict standard which a plaintiff must meet in order to establish "deliberate

indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

        It is nothing less than recklessness in the criminal sense – subjective standard –

disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at

1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837,

114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at

847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his

knowledge of a substantial risk of serious harm."  Id. at 842, 114 S. Ct. at 1981.  If the risk was

obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at

1981.  However, obviousness per se will not impart knowledge as a matter of law.

        Also significant to the analysis is the well established principle that mere

differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth

4

1   Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,

2   662 F.2d 1337, 1344 (9th Cir. 1981).

3            Moreover, a physician need not fail to treat an inmate altogether in order to violate

4   that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.

5   1989).  A failure to competently treat a serious medical condition, even if some treatment is

6   prescribed, may constitute deliberate indifference in a particular case.  Id.

7            Additionally, mere delay in medical treatment without more is insufficient to state

8   a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

9   F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

10  no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

11  Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

12  1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

13  to provide additional support for a claim of deliberate indifference; however, it does not end the

14  inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

15  medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

16  needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

17  the defendant."  McGuckin, 974 F.2d at 1061.

18           Plaintiff does not allege how the crushing of his meds constituted deliberate

19  indifference to his serious medical needs.  Standing alone, the court does not find that this claim

20  states a colorable Eighth Amendment claim.  For that reason, the claim that defendant Jackson

21  violated plaintiff's Eighth Amendment rights by crushing his meds is dismissed.

22           More information is required in order to determine whether defendant's alleged

23  falsification of plaintiff's medication records states a colorable Eighth Amendment claim.  In

24  particular, plaintiff must describe the injury he suffered as a result of the allegedly false entries in

25  his records.  For these reasons, these claims against defendant Jackson are dismissed with leave

26  to amend.

1        Plaintiff alleges that in March 2008 defendant Beal gave him crushed meds that

2   made him sick.  Plaintiff alleges that defendant Beal continued to crush the meds.  For that

3   reason, plaintiff refused to take them because he could not identify them.  Plaintiff does not

4   describe how the meds made him sick.  In addition, plaintiff does not clearly state that the meds

5   given to him by defendant Beal were not prescribed to him.  Finally, plaintiff does not allege for

6   how long he refused to take the crushed meds offered to him by defendant Beal and whether he

7   suffered any injury.  Because the court cannot determine whether he has stated a colorable claim

8   against defendant Beal, the claims against this defendant are dismissed with leave to amend.

9        Plaintiff alleges that in July 2007 defendant Sorriano gave him ibruprofen instead

10  of his gabapentin.  Plaintiff alleges that it is documented that he has a bad reaction to ibruprofen.

11  Plaintiff alleges that he caught it before the damage was done.  Plaintiff does not allege that on

12  this one occasion defendant Sorriano intentionally gave him medication that he had a bad

13  reaction to.  In addition, plaintiff suffered no injury as a result of defendant Sorriano's apparent

14  mistake.  Accordingly, the court does not find that these allegations state a colorable claim

15  against defendant Sorriano.

16        Plaintiff alleges that defendant Sorriano gave plaintiff a crushed Vicodin.

17  Because plaintiff could not tell what the drug was, he refused to take it.  As far as this court is

18  aware, plaintiff has no constitutional right to non-crushed medication.  Accordingly, these

19  allegations do not state a colorable Eighth Amendment claim.

20        Plaintiff alleges that defendant Dr. Newman made fun of plaintiff and prescribed

21  Tylenol for him knowing that he had a bad reaction to it.  Plaintiff refused to take the Tylenol.

22  Plaintiff's allegations suggest that he was present when defendant Newman prescribed the

23  Tylenol.  If so, it is unclear why plaintiff did not inform defendant Newman that he was allergic

24  to it.  In addition, plaintiff does not allege for how long he went without pain medication or

25  whether he suffered any injury as a result of being prescribed Tylenol.  Without this information,

26  the court cannot determine whether plaintiff has stated a colorable claim for relief against

1  defendant Newman.

2         Plaintiff alleges that on June 30, 2009, he saw defendant Nurse Nguyen for

3  renewal of pain medication and a wheelchair.  Plaintiff alleges that defendant Nguyen failed to

4  renew his pain medication or order a wheelchair.  Plaintiff alleges that he had a chrono for a

5  temporary wheelchair at the time he saw defendant Nguyen.  Plaintiff alleges that on July 15,

6  2009, Dr. Zachariah renewed his pain medication and ordered the wheelchair.  These allegations

7  state a colorable claim for relief against defendant Nguyen.

8         Plaintiff alleges that on June 16, 2009, defendant Correctional Officer Mendoza

9  entered the examining room where defendant Newman was examining him.  Defendant Newman

10  had requested defendant Mendoza's presence.  Plaintiff alleges that defendant Mendoza made

11  fun of plaintiff.   Allegations of verbal harassment do not state a colorable constitutional claim.

12  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Accordingly, plaintiff's claim

13  against defendant Mendoza is dismissed.

14         Plaintiff alleges that on June 23, 2009, defendant Reyes assaulted him as he

15  entered the library by snatching plaintiff by his right shirt sleeve, causing plaintiff to lose his cane

16  and fall on the floor.  Plaintiff was then taken to the medical department.  In order to determine

17  whether plaintiff has stated a colorable Eighth Amendment claim against defendant Reyes, more

18  information is required.  In particular, plaintiff must inform the court why defendant Reyes

19  snatched him.  Accordingly, this claim is dismissed with leave to amend.

20         Plaintiff next alleges that defendant Sanchez took his jalapeno pretzels, claiming

21  they were contraband.  The court construes plaintiff's claim as alleging a deprivation of property

22  without adequate due process.  Because plaintiff's property interest, i.e. the jalapeno pretzels, is

23  de minimis, he has not stated a colorable due process claim.  Goss v. Lopez, 419 U.S. 565, 576,

24  95 S.Ct. 729 (1975).  Accordingly, this claim is dismissed.

25         Plaintiff alleges that he did not agree with defendant Huff's response to his

26  administrative appeal regarding his confiscated watch.  The court construes this claim as alleging

a due process claim.  Because plaintiff has no constitutional right to a grievance procedure, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)), this claim is without merit.

Plaintiff alleges that defendant Ramirez read his legal mail.  Plaintiff suggests that he knows defendant read his legal mail because he said to plaintiff, "Fuck you and the California Code of Regulations."  This statement, alone, does not demonstrate that defendant actually read plaintiff's legal mail.  Plaintiff does not claim that he saw defendant reading his mail.  In addition, plaintiff does not describe the legal mail that was read.  In order to determine whether plaintiff stated a colorable claim, assuming he pleads facts demonstrating knowledge that defendant read his legal mail, plaintiff must at the very least identify the documents read. Accordingly, this claim is dismissed with leave to amend.

Plaintiff alleges that he ordered a radio, walkman, headphones, adapter and batteries, but did not receive them.  Plaintiff heard defendant Ramirez make comments about withholding some of plaintiff's items.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff's claim that he heard defendant Ramirez making comments about witholding some of his property does not adequately demonstrate that defendant Ramirez

1   actually withheld the property.  In order to determine whether plaintiff has adequately linked

2   defendant to this deprivation, he must describe the comments he heard.

3              In addition, the court cannot determine from plaintiff's allegations whether the

4   alleged deprivation of his property was authorized.  Plaintiff does not allege, for example, that

5   defendant Ramirez withheld his property because it was contraband.  For this reason, this claim

6   is dismissed with leave to amend.  If plaintiff files an amended complaint, he must allege why

7   defendant Ramirez withheld the property.

8              Plaintiff alleges that defendant Linehan told plaintiff that he could see the doctor

9   if he withdrew an administrative appeal he had filed against defendant Reyes.  This allegation

10  states a colorable claim for relief against defendant Linehan.

11             Plaintiff also alleges that defendant Linehan went into his cell and took his comb

12  for a second time.  Plaintiff also alleges that defendant Lineham took his hot water stinger

13  without leaving a property receipt, as required.  These allegations suggest that defendant

14  Lineham's confiscation of plaintiff's combs and hot water stinger was not authorized, i.e. not

15  done pursuant to a policy.  Because the deprivations were not authorized, plaintiff has not stated

16  a colorable due process claim against defendant Lineham regarding these items.  Accordingly,

17  this claim is dismissed.

18             Plaintiff also alleges that he is adding defendant Heinrich to his claim that on June

19  25, 2009, the optician injured his eye during an eye exam.  However, the complaint includes no

20  allegations regarding an eye exam.  Accordingly, this claim is dismissed.

21             Plaintiff alleges that defendants Warden Salinas, Nies, Farrar, Thomas and Ueberg

22  forced him to live in a bacteria infested cell for 35 days without access to warm or hot water.

23  Plaintiff does not specifically allege how these defendants forced him to live in the bacteria

24  infested cell.  Because plaintiff has made only vague and conclusory allegations of defendants'

25  involvement in the alleged deprivation, this claim against them is dismissed with leave to amend.

26

1    Plaintiff also alleges that the ADA Committee removed plaintiff from ADA

2    privileges.  As a result of this decision, plaintiff received only 2 hours of exercise per week.

3    Plaintiff does not identify which defendants were members of the ADA Committee.  For that

4    reason, this claim is dismissed with leave to amend.  If plaintiff files an amended complaint

5    identifying the ADA Committee members, he must also discuss for how many weeks he received

6    2 hours of exercise per week.

7    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11   there is some affirmative link or connection between a defendant's actions and the claimed

12   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

13   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

14   vague and conclusory allegations of official participation in civil rights violations are not

15   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18   amended complaint be complete in itself without reference to any prior pleading.  This is

19   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22   original complaint, each claim and the involvement of each defendant must be sufficiently

23   alleged.

24   \\\\\

25   \\\\\

26

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  The fee shall be collected and paid in accordance with this court's order to the Director of the

5  California Department of Corrections and Rehabilitation filed concurrently herewith.

6    3.  The complaint, but for the claims found colorable above against defendants

7  Nguyen and Lineham, is dismissed for the reasons discussed above, with leave to file an

8  amended complaint within thirty days from the date of service of this order.  If plaintiff does not

9  file an amended complaint, the court will issue further orders.

10  DATED: October 7, 2009

11

12                                         /s/ Gregory G. Hollows
                                    _____
13                                  UNITED STATES MAGISTRATE JUDGE

14

15  van2558.b

16

17

18

19

20

21

22

23

24

25

26